## MEMORANDUM OPINION

[S.F. No. 22916. In Bank. Nov. 29, 1974.]

ABRAN RAMIREZ et al., Petitioners, v.
EDMUND G. BROWN, JR., as Secretary of State, etc., et al., Respondents.

## COUNSEL

Burton D. Fretz, Charlotte M. Fischman, Martin P. Glick, Philip J. Jimenez, David Kirkpatrick, Gene Livingston and Donald G. Green for Petitioners.

Philip L. Goar and Fred Okrand as Amici Curiae on behalf of Petitioners.

Evelle J. Younger, Attorney General, Iver E. Skjeie, Assistant Attorney General, Charles P. Just and George J. Roth, Deputy Attorneys General, William H. Stoffers, County Counsel (Monterey), Duncan M. James, District Attorney (Mendocino), and William DeGarmo for Respondents.

## OPINION

**MOSK, J.**—In *Ramirez v. Brown* (1973) 9 Cal.3d 199, 216-217 [107 Cal. Rptr. 137, 507 P.2d 1345], we held that "as applied to all ex-felons whose terms of incarceration and parole have expired, the provisions of article II and article XX, section 11, of the California Constitution denying the right of suffrage to persons convicted of crime, together with the several sections of the Elections Code implementing that disqualification [citation], violate the equal protection clause of the Fourteenth Amendment." (Fn. omitted.)

The United States Supreme Court granted certiorari, and held that a provision in section 2 of the Fourteenth Amendment imposing the penalty of reduced congressional representation for disfranchisement "except for participation in rebellion, or other crime" is to be construed to permit the states, without violating section 1 of that amendment, to deny the right to vote to former felons who have completed their sentences and paroles. (*Richardson* v. *Ramirez* (1974) 418 U.S. 24 [41 L.Ed.2d 551, 94 S.Ct. 2655].)

The Supreme Court further ruled that "The California court did not reach respondents' alternative contention that there was such a total lack of uniformity in county election officials' enforcement of the challenged state laws as to work a separate denial of equal protection, and we believe that it should have an opportunity to consider the claim before we address ourselves to it. Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion." (*Id.* at p. 56 [41 L.Ed.2d at p. 572].)

Since the date of that mandate, however, the governing provisions of the California Constitution have been changed by vote of the people. At the general election of November 1974 the language of article II, section 3, and article XX, section 11, which formerly disfranchised persons convicted of crime, was deleted; instead, the Legislature is simply directed by new section 3 of article II to provide for the temporary "disqualification" of electors while they are imprisoned or on parole for the conviction of a felony.

This constitutional amendment took effect on November 6, 1974, the day after the election. (Cal. Const., art. XVIII, § 4.) In view of its provisions there will no longer be any possibility of unconstitutional discrimination in local enforcement of laws disfranchising for conviction of crime.

The issue which is the subject of the United States Supreme Court mandate in this case is therefore moot, and the proceedings herein are dismissed.

This order is final forthwith.

Wright, C. J., McComb, J., Tobriner, J., Sullivan, J., Clark, J., and Burke, J.,* concurred.

---

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.